UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SARAH BYRNE and JOSEPH AREBALO )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>CENTER MOTORS, INC. )<br>and GREENWOOD CREDIT UNION )<br>    Defendants )<br>_____ ) | CIVIL ACTION<br>COMPLAINT<br><br><br>JURY TRIAL DEMANDED<br><br><br><br>AUGUST 4, 2014 |

## COMPLAINT

1. This is a suit brought by consumers regarding the purchase and sale of a motor vehicle ("the Vehicle") pursuant to a retail installment sales contract (the "Contract"). Plaintiffs bring this action to recover actual damages, statutory damages, reasonable attorney's fees, and costs from Center Motors, Inc. ("Center Motors") and Greenwood Credit Union ("Greenwood"). Plaintiffs claim breach of warranty and revocation of acceptance. Plaintiffs also claim that Center Motors has violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Connecticut Retail Installment Sales Finance Act ("RISFA") Conn. Gen. Stat. § 36a-770 *et seq.,* and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"). Plaintiff asserts claims against defendant Greenwood as holder of the Contract.

2. Plaintiffs are individuals who reside in Aquebogue, New York.

3. Defendant Center Motors is a domestic corporation that operates an automobile dealership in Manchester, Connecticut.

4. Defendant Greenwood is a Rhode Island credit union that accepts assignment of motor vehicle installment sales contracts from dealerships such as Center Motors.

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 2310(d)(1)(B), and 28 U.S.C. § 1331.

6. This court has jurisdiction over Center Motors because it is incorporated in this state and regularly conducts business in this state.

7. This court has jurisdiction over Greenwood because it conducts business in this state.

8. Venue in this court is proper because the claims involve a transaction that occurred in Connecticut.

9. On or around June 26, 2014, Plaintiffs traveled from their home in Long Island to Center Motors to inquire about purchasing a white 2001 Dodge Ram 1500 truck that they had seen advertised online.

10. Upon inspecting the white truck, Plaintiffs noticed that it contained considerable rust damage that was not evident from the photographs posted by Center Motors.

11. While there, Plaintiffs looked at a blue 2001 Dodge Ram 1500 truck (the "Vehicle") and decided to purchase it for a cash price of $12,995 plus a conveyance fee of $249.

12. The Vehicle had a sticker prominently displayed on the window that read:

BUY HERE WITH CONFIDENCE.  EACH PRE-OWNED AUTO IS CAREFULLY INSPECTED, SAFETY CHECKED, SERVICED AND ROAD TESTED FOR YOUR SAFETY AND SATISFACTION.

13. Additionally, the Center Motors representative involved in the transaction, Art Flynn, told Plaintiffs that Center Motors had conducted a safety check of the Vehicle and showed Plaintiffs a list of items that Center Motors had inspected.

14. In reality, the Vehicle was not roadworthy and would not pass a safety check due to rust, damage, missing parts, rotted brake lines, and numerous other defects.

15. On information and belief, Center Motors knew that the Vehicle was not roadworthy and not safe to drive, as evidenced by the fact that much of the rust had been freshly painted over and that the defects with the Vehicle would be apparent to anyone in the automotive industry.

16. Additionally, the sticker on the Vehicle stated that the Vehicle was a "4X4", which is an auto industry term for cars and trucks that means that all four wheels are powered at all times.

17. Art Flynn also represented to Plaintiffs that the Vehicle had 4-wheel drive.

18. The representations on the sticker and by Art Flynn that the Vehicle had 4-wheel drive were false, because the 4-wheel drive had been disconnected and was inoperative.

19. The statements on the sticker and Art Flynn's statement that the Vehicle had undergone and passed a safety inspection constituted an express warranty within the meaning of Conn. Gen. Stat. 42a-2-313 that the Vehicle had undergone and passed a safety inspection and that the Vehicle was roadworthy and safe to operate.

20. Additionally, on information and belief, statements were made on the title to the Vehicle that it was roadworthy and fit for operation, which statements also constitute express warranties of roadworthiness.

21. The statements on the sticker and Art Flynn's statement that the Vehicle had 4-wheel drive constituted an express warranty within the meaning of Conn. Gen. Stat. 42a-2-313 that the Vehicle had functioning 4-wheel drive.

22. Although the contract for the sale contains an "As Is" disclaimer, that disclaimer was ineffective for purposes of waiving the express warranties made by Center Motors.

23. Almost immediately after Plaintiffs arrived home, the Vehicle became undriveable.

24. Plaintiffs had the Vehicle inspected by an independent mechanic who informed them that it would not be possible for the Vehicle to pass a safety inspection.

25. Plaintiffs subsequently served notice to Center Motors and Greenwood that they had revoked their acceptance of the Vehicle.  Defendants have been notified that they can retrieve the Vehicle, which is not driveable and is unsafe to drive.

26. Center Motors also violated TILA and RISFA in the transaction, because the Contract included a cost of $125 for vendor single interest insurance ("VSI") that was disclosed as part of the amount financed rather than as part of the finance charge, even though the disclosures in the Contract did not provide the information required for the exclusion of VSI from the finance charge.

27. The violation is apparent on the face of the contract, and Greenwood is likewise liable for that claim as the assignee of the Contract.

28. Because the requirements of TILA are incorporated into RISFA, Plaintiffs are entitled to a rescission of the contract, and they have restored the defendants to their pre-contract position as nearly as possible by tendering the Vehicle to them.

29. Center Motors violated CUTPA by its false and deceptive statements, as described above, and by selling a Vehicle that was not roadworthy, that was unsafe, and that did not have functioning 4-wheel drive.

30. Center Motors further violated CUTPA by releasing the Vehicle to Plaintiffs by simply removing the New York license plates off the trade-in vehicle and placing them on the Vehicle, which was unregistered and could not be legally driven at the time of delivery.

31. Greenwood, as the assignee of the Contract, is liable for the claims against Center Motors pursuant to the terms of the contract and pursuant to Conn. Gen. Stat. § 52-572g.

Wherefore, Plaintiffs claim damages, an order that acceptance of the Vehicle has been revoked and that the contract is no longer in effect, statutory damages under TILA of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual and punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d), and such other further relief to which Plaintiffs are, at law, or in equity and by statute entitled to against Center Motors and/or Greenwood.

        PLAINTIFFS SARAH BYRNE AND
        JOSEPH AREBALO

By: /s/ Daniel S. Blinn
    Daniel S. Blinn, ct02188
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com